UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

JAMES WATSON,

    Plaintiff,

v.

6000 GULF BLVD. SP LLC d/b/a
RumFish Grill,

    Defendant.

_____/

## **COMPLAINT**

    Plaintiff James Watson ("Plaintiff") by and through his undersigned counsel hereby sues Defendant 6000 Gulf Blvd. SP LLC ("Defendant") doing business as RumFish Grill for Injunctive Relief, attorney's fees, litigation expenses and costs pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 C.F.R. Part 36, *et seq*.

    1.    Venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and Local Rule 1.04, in that the original transaction or occurrence giving rise to this cause of action occurred in this District.

    2.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from Defendant's violations of

Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See* also 28 U.S.C. § 2201 and § 2202.

3. Plaintiff is a Florida resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is legally blind and a member of a protected class under the ADA 42 U.S.C. §12102(1) & (2), the regulations implementing the ADA as set forth at 28 CFR §§ 36.101 *et seq.* and in 42 U.S.C. 3602, §802(h). Plaintiff is substantially limited in the major life activity of seeing. Plaintiff's disability is defined in 28 C.F.R. §36.105(b)(2).

4. Plaintiff uses the internet and a mobile device to help him navigate a world of goods, products and services like sighted individuals. The internet, websites and mobile applications provide him a window into the world that he would not otherwise have. Plaintiff utilizes the Apple Screen Reader VoiceOver software to read computer materials and/or access and comprehend internet mobile website information which is specifically designed for the visually impaired. Plaintiff brings this action against Defendant for offering and maintaining a mobile website (software that is intended to run on mobile devises such as phones or tablet computers) which does not provide to him (a visually impaired customer) the ability to effectively communicate with Defendant's place of public accommodation despite using the available software for that purpose.

5. Plaintiff is also a "tester" for the purpose of asserting his civil rights

and monitors mobile websites to ensure and determine whether places of public accommodation and/or their mobile websites are in compliance with the ADA.

6. Defendant 6000 Gulf Blvd. SP LLC is a Delaware limited liability company which is authorized to transact business in Florida. Defendant owns and operates the RumFish Grill restaurant which is located at 6000 Gulf Boulevard, St Pete Beach, Florida 33706. The RumFish Grill restaurant is an upscale dining experience which features a 33,500 gallon aquarium which gives patrons an "under the sea" dining experience. RumFish Grill serves new American style seafood and meat dishes and is open to the public; therefore, it is a Place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as defined by 42 U.S.C. §12181(7) (B), §12182, and 28 C.F.R. §36.104(2). Defendant's RumFish Grill restaurant is referenced throughout as "place of public accommodation," "RumFish Grill," or "restaurant."

7. As Defendant is the owner and operator of the RumFish Grill, Defendant is defined as a "Public Accommodation" within meaning of Title III under 42 U.S.C. § 12181(7)(B) and 28 C.F.R. § 36.104(2).

8. Defendant's RumFish Grill is one of two RumFish Grill brand restaurants within the state of Florida. The second RumFish Grill[1] is located at 4201

---

[1] Owned by TPA Hospitality Partners LLC, which is not a party to this action

N Dale Mabry Highway, Tampa, Florida 33607, but is not a party to this action.

9. Subsequent to the effective date of the ADA, Defendant constructed, caused to be constructed, and/or became a beneficiary of the https://rumfishgrill.com mobile website (hereinafter "mobile website") for the public (such as Plaintiff) to access on their mobile devices (phones, tablets). This mobile website supports, is an extension of, is in conjunction with, and is complementary and supplemental to Defendant's RumFish Grill restaurant. The mobile website delineates the goods, services, accommodations, privileges, benefits and facilities available to patrons of Defendant's restaurant.

10. Defendant is a beneficiary of mobile website because the mobile website is a way for the public to become familiar with the RumFish Grill menu selections, hours of operation, restaurant location, and to receive notices of upcoming special events. The mobile website also provides a link to reserve a table for dining at Defendant's restaurant, a link to inquire and book private dining and group events online (along with a pdf menu for group dining events), and provides other information Defendant seeks to communicate to the public. The mobile website enables the public/patrons to sign up to receive email notices of RumFish Grill news and special deals. The mobile Website has a link to an online store where

the public can purchase RumFish Grill Gift Cards[2] online. By the provision of menu selection, reservation services, inquiry/booking for group/special event dining online, and the ability to purchase RumFish Grill gift cards online, the mobile website is an integral part of the goods and services offered by Defendant at its restaurant. By this nexus, the mobile website is characterized as a Place of Public Accommodation subject to Title III of the ADA[3], 42 U.S.C. §§ 12181(7)(B) & (E) and 28 C.F.R. §§ 36.104(2) & (5).

11. The mobile website allows mobile device users to use a mobile platform through a connection to Wi-Fi or cellular data so that users can manage their dining choice from their mobile device. Defendant has subjected itself to the ADA because the mobile website is offered as a tool to promote, advertise and sell products and services from its RumFish Grill restaurant. As a result, the mobile website must interact with the public, which includes Plaintiff (a visually impaired person). Therefore, the mobile website must comply with the ADA, which means it must not

---

[2] The public can also purchase gift cards to the adjacent Tradewinds Island Resorts and can make a reservation to swim with the fishes.

[3] Ensuring Web Accessibility for people with disabilities has become a priority for the Department of Justice. The Department of Justice Civil Rights Division has taken the position that both State and local government websites (Title II) and the websites of private entities that are public accommodations (Title III) are covered by the ADA. On March 18, 2022, the DOJ issued guidance on Web Accessibility, see https://beta.ada.gov/resources/web-guidance/. The guidance states that individuals with disabilities should not be denied equal access to information, and inaccessible websites are as excluding as are access barriers to physical locations. DOJ guidance requires that website barriers must be identified, prevented, and removed so that all Title II and Title III entities offer websites that are accessible to people with disabilities.

discriminate against individuals with disabilities and may not deny full and equal enjoyment of the goods and services afforded to the general public.[4]

12. The mobile website does not properly interact with VoiceOver screen reader software technology in a manner that allows Plaintiff (a visually impaired person) to comprehend the mobile website and does not provide other means of accommodation.

13. Like the seeing community, Plaintiff would like the opportunity to be able to use the https://rumfishgrill.com mobile website to test comprehension of the RumFish Grill menu selections and to test for the ability to make reservations, inquire about private events, and to purchase gift cards online. However, unless Defendant is required to eliminate the barriers to Plaintiff's ability to communicate with Defendant through the mobile website, Plaintiff will continue to denied full and equal access to the mobile website and will be deterred from fully using that mobile website.

14. Plaintiff is continuously aware of the violations within the mobile website https://rumfishgrill.com and is aware that it would be a futile gesture to attempt to utilize that mobile website as long as those violations exist.

15. Plaintiff has no plain, adequate, or complete remedy at law to redress

---

[4] According to Statista, almost half of web traffic in the United States originated form mobile devices in 2021. Therefore, Defendant knew or should have known that potential customers would be using the mobile version of its website and provided accessibility for blind users.

the wrongs alleged herein and this action is his only means to secure adequate redress from Defendant's reliance on the mobile website for reservation service, inquiry/booking for group/special event dining online, and purchasing gift cards online.

16. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

17. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505.

### **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

18. The ADA requires that Public Accommodations (and Places of Public Accommodation) are required to ensure that communication is effective, which includes the provision of auxiliary aids and services for such purpose.

19. According to 28 C.F.R. Section 36.303(b)(1), auxiliary aids and services includes "voice, text, and video-based telecommunications products and systems." 28 C.F.R. Section 36.303(b)(2) specifically states that (VoiceOver) screen reader software is an effective method of making visually delivered material

7

available to individuals who are blind or have low vision.

20. 28 C.F.R. Section 36.303(c)(1)(ii) specifically states that public accommodations must furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities. "In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability."

21. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which requires places of public accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by Part 36.

22. The https://rumfishgrill.com mobile website has been designed to integrate with Defendant's restaurant through the provision of a reservation service, the ability to inquire about private events online and the provision of a store from which to purchase gift cards online. Defendant has extended its restaurant into individual persons' homes and portable devices wherever located through the website which is a service, facility, privilege, advantage, benefit and accommodation of its restaurant. Because the mobile website is integrated with, and is a nexus to, Defendant's brick-and-mortar restaurant, the mobile website is required by 28 C.F.R. Section 36.303 *et seq*. to provide effective communication to Plaintiff, as a

visually impaired person.

23. Plaintiff attempted to access and test the https://rumfishgrill.com mobile website, but was unable to do so because the mobile website contains barriers to effective communication for visually impaired individuals such as himself. Plaintiff continues to be unable to effectively communicate with Defendant through the mobile website and understand the content therein because numerous portions of the mobile website do not interface with mobile VoiceOver screen reader software. Specifically, features of the mobile website that are inaccessible to Plaintiff (a VoiceOver screen reader software user) include, but are not limited to, the following (citing the WCAG 2.1 Level A and AA Guidelines):

  i. Guideline 1.3.2 Meaningful Sequence is violated. Content must be presented in a meaningful order, and this has been violated. For mobile VoiceOver screen reader software users, menus (such as the Kids menu) are not accessible due to the focus order which violates meaningful sequence. For example, "Image" is announced dozens of times. In some cases, the announcement of the menu item is corrupted. For example, a dish name is partially announced, then an unlabeled image is presented, and then a few more letters of the dish name is announced, but only after the mobile VoiceOver screen reader software user navigates to the bottom of the page.

  ii. Guideline 2.4.3 Focus order is violated. The mobile website is required to provide focus in a logical order, and this has been violated. The *main menu* icon and the *+ more* buttons are not announced. When a mobile VoiceOver screen reader software user presses the *Enable Accessibility for blind people* button, focus moves to the unlabeled video player. Further, the menus are skipped. When a mobile VoiceOver screen reader software user navigates to the bottom of the page, that mobile VoiceOver screen reader software user hears a long series of unlabeled social media image links. Mobile VoiceOver screen reader software users can only access the pages in the footer such as the "Licensing Opportunities" and "T&Cs."

    iii.    Guideline 3.3.1 Error Identification is violated. Elements must be labeled and given instructions, and the mobile website fails to do so. For example, after a mobile VoiceOver screen reader software user presses the *Submit* button on the *Group Dinning* form (when there are errors in the form), errors are displayed but those errors are not announced. Focus instead moves to the top of the page when the mobile VoiceOver screen reader software user swipes again. Therefore, the mobile VoiceOver screen reader software user is unaware of errors on the form.

    iv.    Guideline 4.1.2 Name, Role, Value is violated. All elements must be built for accessibility and this is not the case. The *Press for Accessibility for blind people* button is one of the first elements announced on the mobile website. But when a mobile VoiceOver screen reader software user presses this button, a message was displayed which reads "The option is not available on this website."

24. In this instant case, the mobile website reservation system is linked to a third party vendor. The fact that a portion of the WCAG 2.1 Level A and AA Guideline violations may be related to a third party vendor platform does not absolve Defendant of culpability. Because restaurants are places of public accommodation, their operators are subject to the requirements of Title III as well. 42 U.S.C. § 12181(7)(b). Those requirements include a prohibition against subjecting patrons with disabilities to unequal treatment "through contractual, licensing, or other arrangements," such as use of third party vendors' inaccessible platforms for making reservations. 42 U.S.C. § 12182(b)(1)(A); *See Kohler v Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1264-66 (9th Cir. 2015) (Pre-existing obligations under Title III of the ADA may not be avoided through contractual arrangements, and those obligations remain even where compliance is under control of another party); *Robles*

*v. Yum! Brands, Inc.*, 2018 WL 566781, *4 (C.D. Cal. January 24, 2018) (restaurant operators are liable for website and mobile app accessibility where there is a nexus to the restaurants themselves).

25. As a beneficiary of the mobile website which serves as a gateway to Defendant's restaurant, Defendant is required to comply with the ADA and the provisions cited above. This includes Defendant's obligation to create, maintain and operate and/or utilize (be a beneficiary of) a mobile website that is accessible to Plaintiff so that he (as a visually impaired person) can enjoy full and equal access to the mobile website and the content therein, including the ability comprehend menu selections and to test for his ability to make a reservation and to purchase gift cards online.

26. Defendant has violated the ADA by failing to interface the mobile website which is directly linked to its restaurant with VoiceOver screen reader software utilized by Plaintiff (a visually impaired individual) (reference violations delineated within paragraph 23) either directly or through contractual, licensing or other arrangements. These violations have resulted in Defendant denying Plaintiff effective communication on the basis of his disability in accordance with 28 C.F.R. Section 36.303 *et seq*.

27. Plaintiff is continuously aware of the violations within the mobile website and is aware that it would be a futile gesture to attempt to utilize and/or test

the mobile website as long as those violations exist.

28. As the result of the barriers to communication which are present within the mobile website and by continuing to operate and/or benefit from the mobile website with such barriers, Defendant has contributed to Plaintiff's frustration, humiliation, sense of isolation and segregation and has deprived Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the barriers to effective communication within the mobile website and knowing that it would be a futile gesture to attempt to utilize the mobile website, Plaintiff has been deprived of the meaningful choice of freely visiting and utilizing the same accommodations readily available to the general public and has been deterred and discouraged from doing so. By benefiting from and/or maintaining a mobile website with barriers to effective communication, Defendant has deprived Plaintiff the equality of opportunity which it offers to the general public.

29. Plaintiff has suffered (and will continue to suffer) direct and indirect injury as a result of the mobile website violations until Defendant is compelled to comply with the requirements of the ADA and conform the mobile website to WCAG 2.1 Level A and AA Guidelines.

30. Plaintiff desires to access the mobile website to assure himself that the mobile website is in compliance with the ADA so that he will be able to comprehend

the mobile website. However, Plaintiff has a realistic, credible, existing and continuing fear of not being able to comprehend the RumFish Grill menu selections, and to test the reservation service, test for the ability to inquire about private events online and to test for the ability to purchase gift cards online due to the mobile website's non-compliance with the ADA.

31. Plaintiff is without adequate remedy at law and has suffered (and will continue to suffer) irreparable harm. The Plaintiff will continue to suffer injury and damage without the immediate relief as requested herein.

32. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require Defendant to alter the mobile website to make it readily accessible to and usable by usable by Plaintiff (a visually impaired person).

**WHEREFORE,** Plaintiff James Watson hereby demands judgment against Defendant 6000 Gulf Blvd. SP LLC and requests the following injunctive and declaratory relief:

    a.    The Court issue a Declaratory Judgment that determines that the mobile website is in violation of Title III of the Americans with Disabilities Act and 28 C.F.R. Section 36.303 *et seq.*;

    b.    The Court issue a Declaratory Judgment that Defendant has violated the ADA by failing to monitor and maintain the mobile website which

serves as a gateway to its restaurant to ensure that it is readily accessible to and usable by Plaintiff, a visually impaired person;

c. The Court issue an Order directing Defendant to alter the mobile website to the full extent required by Title III of the ADA;

d. The Court issue an Order directing Defendant provide the appropriate auxiliary aids such that Plaintiff (a visually impaired person) will be able to effectively communicate with the mobile website for purposes of comprehending RumFish Grill menu selections, ordering/paying for gift cards, for making reservations to dine within Defendant's restaurant, and for inquiring about space for private dining events, and during that time period prior to the mobile website's being designed to permit Plaintiff to effectively communicate, requiring Defendant to provide an alternative method for Plaintiff to effectively communicate so that he is not impeded from obtaining the goods and services which Defendant has made available to the public through the mobile website.

e. The Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards Plaintiff (a visually impaired person) for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

f. The Court enter an Order directing Defendant to continually update and

        maintain the mobile website to ensure that it remains fully accessible and usable pursuant to Title III of the ADA;

g.    The Court award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and

h.    The Court provide such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: September 6, 2022

        Respectfully submitted,

        */s/ J. Courtney Cunningham*
        J. Courtney Cunningham, Esq.
        J. COURTNEY CUNNINGHAM, PLLC
        FBN: 628166
        8950 SW 74th Court, Suite 2201
        Miami, Florida 33156
        Telephone: 305-351-2014
        Email: cc@cunninghampllc.com
        *Counsel for Plaintiff*